

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

June 12, 2023



Rachel Zimarowski, Esq.
Office of the Federal Public Defender
300 Virginia Street E, Suite 3400
Charleston, West Virginia 25301

      Re: United States v. Isaiah Harley Daniels
           Criminal No. 2:23-cr-00023 (USDC SDWV)

Dear Ms. Zimarowski:

    This will confirm our discussions with regard to your client, Isaiah Harley Daniels (hereinafter "Mr. Daniels"). As a result of these conversations, it is agreed by and between the United States and Mr. Daniels as follows:

    1. **PENDING CHARGES**. Mr. Daniels is charged in a three-count superseding indictment in the Southern District of West Virginia (5:22-cr-00043) as follows:

        (a) Count One charges Mr. Daniels with a violation of 18 U.S.C. § 2422(b) (attempted enticement of a minor).

        (b) Count Two charges Mr. Daniels with a violation of 18 U.S.C. §§ 2251(a) and (e) (attempted sexual exploitation of a minor).

        (c) Count Three charges Mr. Daniels with a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (possession of prepubescent child pornography).

    2. **RESOLUTION OF CHARGES**. Mr. Daniels will plead guilty to

                                              *IHD*
                                          Defendant's
                                            Initials

Rachel Zimarowski, Esq.  
June 12, 2023                               Re: Isaiah Harley Daniels  
Page 2

Count One of said indictment, which charges him with a violation of 18 U.S.C. §2422(b). Following final disposition, the United States will move the Court to dismiss Counts Two and Three in Criminal No. 2:23-cr-00023 as to Mr. Daniels.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Daniels will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of not less than ten years and up to life;

    (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of at least five years to life;

    (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

    (e) An order of restitution pursuant to 18 U.S.C. §§ 2429, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4. **SPECIAL ASSESSMENT.** Mr. Daniels has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Daniels agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5. **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Daniels agrees that he will pay restitution to identifiable victims who request restitution and agrees to pay such restitution,

                                                    *IHD*  
                                                 Defendant's  
                                                  Initials

Rachel Zimarowski, Esq.  
June 12, 2023                           Re: Isaiah Harley Daniels  
Page 3

with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Daniels further agrees as follows:

- (a) Mr. Daniels agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

- (b) Mr. Daniels will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

- (c) Mr. Daniels agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

- (d) Mr. Daniels agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

- (e) Mr. Daniels agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Daniels to pay a greater or lesser sum of restitution in accordance with law.

*IHD*  
Defendant's Initials

Rachel Zimarowski, Esq.
June 12, 2023                          Re: Isaiah Harley Daniels
Page 4

     6. **ABANDONMENT**. Mr. Daniels hereby agrees to release, relinquish, waive, or abandon to the United States or to the State of West Virginia any and all right, title, and interest he may have in certain items seized from him, that is, all cellular telephones, to include a Samsung Galaxy cellular telephone, model SM-205U, bearing MSISDN number 3049329614, seized on or about August 1, 2022. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state, or local law enforcement officers according to the law.

     7. **PAYMENT OF MONETARY PENALTIES**. Mr. Daniels authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Daniels agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Daniels further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

     Mr. Daniels authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

     In addition to any payment ordered by the Court, Mr. Daniels shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

                                                           *IHD*
                                                           Defendant's
                                                           Initials

Rachel Zimarowski, Esq.
June 12, 2023                           Re: Isaiah Harley Daniels
Page 5

Mr. Daniels agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street East, Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

8.   **COOPERATION.** Mr. Daniels will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Daniels may have counsel present except when appearing before a grand jury.

9.   **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Daniels, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10.   **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Daniels for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Daniels for perjury or false statement if such a situation should occur pursuant to this agreement.

11.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Daniels stipulate and agree that the

*IHD*
Defendant's
Initials

facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Daniels agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the ~~information~~ [Superseding Indictment] and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Daniels or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Daniels knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Daniels understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Daniels knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Daniels also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 18 U.S.C. §2422(b), is unconstitutional, and (2) Mr. Daniels's conduct set

_____IHD_____
Defendant's Initials

[Handwritten margin annotations: "MF", "RZ", "IHD"]

forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 2422(b).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Daniels also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Daniels knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Daniels understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Daniels understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Daniels further understands

                                                          _IHD_
                                                    Defendant's
                                                      Initials

that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Daniels understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

    15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of Mr. Daniels;

    (f)   Advise the Court concerning the nature and extent of Mr. Daniels's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Daniels's acceptance of responsibility.

    16. **VOIDING OF AGREEMENT.** If either the United States or Mr. Daniels violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

                                                                       *IHD*
                                                                     Defendant's Initials

Rachel Zimarowski, Esq.
June 12, 2023                                          Re: Isaiah Harley Daniels
Page 9

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Daniels in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Daniels in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                                       WILLIAM S. THOMPSON
                                       United States Attorney

By: *Julie M. White*

                                       JULIE M. WHITE
                                       Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Isaiah Harley Daniels*                              *JUN 14 2023*
Isaiah Harley Daniels                           Date Signed
Defendant

*[signature]*                                           *June 14 2023*
Rachel Zimarowski, Esq.                      Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:23-cr-00023

ISAIAH HARLEY DANIELS

### STIPULATION OF FACTS

The United States and ISAIAH HARLEY DANIELS (hereinafter "defendant" and "I" and "my") stipulate and agree that the facts comprising the offense of conviction in Count One of the Indictment in the Southern District of West Virginia, Criminal No. 2:23-cr-00023, and relevant conduct for that offense, include the following:

On [handwritten: on 21, 2022 ID] ~~In~~ June ~~2021~~, at or near Sissonville, Kanawha County, West Virginia, I began communicating with a girl ("Minor Victim 1")[1] online using Kik.[2] She told me she was thirteen years old. I began texting with her online. I explained to her the mechanics of sexual intercourse and how girls get pregnant. I told Minor Victim 1 that "sex is fun" and I shared pornographic images with her over the internet. I asked her to "get naked" and instructed her to go into the bathroom and lock the door. I then sent Minor Victim 1 a picture of the female anatomy showing the vagina and depicting digital penetration of the vagina. I used this picture to show Minor Victim 1 how to masturbate. I encouraged her to try to masturbate herself. I initiated several video calls in attempts to watch Minor Victim 1 engage in masturbation on herself. I took screenshots of some of my conversations with Minor Victim 1 and saved them onto my cell phone. I kept the screenshots so that I could seek sexual gratification by reading them later.

I engaged in other conversations with other people I believed to be children online that were also sexual in nature. Sometimes I pretended to be a 17-year-old so that I could appear younger. Several of the people I believed to be children sent me images of themselves naked and engaging in masturbation.

---

[1] Minor Victim 1 is a real child who resides in the state of Mississippi.
[2] Kik is a social media platform that relies upon the Internet or cellular networks to function.

[handwritten initials: IHD]

On August 2, 2022, at or near Sissonville, Kanawha County, West Virginia, I knowingly possessed on my cell phone and in my Kik account 22 images and 297 videos depicting real minors engaged in sexually explicit conduct, that is, actual or simulated sexual intercourse, oral sex, and the lascivious exhibition of the genitals and pubic area of minors.

This Stipulation of Facts does not contain each and every fact known to Defendant and to the United States concerning his involvement in the charge set forth in the Indictment.

Stipulated and agreed to:

_Isaiah Harley Daniels_             _Jun 14 2023_
ISAIAH HARLEY DANIELS            Date
Defendant

_[signature]_            _June 14 2023_
RACHEL ZIMAROWSKI, ESQ.           Date
Counsel for Defendant

_Julie M. White_            _06.21.23_
JULIE M. WHITE            Date
Assistant United States Attorney