```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 2:23-cr-00023**

**ISAIAH HARLEY DANIELS**

## UNITED STATES SENTENCING MEMORANDUM

The United States of America, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, offers the following Sentencing Memorandum in anticipation of defendant's sentencing for the felony conviction of Attempted Enticement of a Minor, presently scheduled for October 16, 2023, at 1:30 p.m.

## OFFENSE AND RELEVANT CONDUCT

The Revised Presentence Investigation Report ("PSR") sets the base offense level at 28. *See* USSG §2G1.3(a)(3); PSR ¶ 38. Two offense characteristics apply to defendant's offense of conviction. Specifically, there is a two-level enhancement for knowingly misinterpreting of his identity to persuade a minor to engage in prohibited sexual conduct. *See* USSG §2G1.3(b)(2); PSR ¶ 39. There is an additional two-level enhancement for the use of

a computer to facilitate interstate travel or engage in prohibited sexual conduct with a minor. *See* USSG §2G1.3(b)(3); PSR ¶ 40.

Defendant appears to have accepted responsibility for his criminal conduct, so the two-level acceptance of responsibility decrease is applicable. *See* USSG §3E1.1(a); PSR ¶ 45. Defendant appears to have accepted responsibility and assisted authorities in the timely entry of a plea such that the additional one-level acceptance of responsibility is applicable, and the United States would move this Court for its application on the facts of this criminal case. *See* USSG §3E1.1(b); PSR ¶ 46. No other enhancements or reductions apply and, thus, defendant's adjusted offense level is 29. PSR ¶ 47.

Defendant has no criminal history (apart from a truancy conviction in 2019). *See* PSR ¶ 49. This nearly complete lack of any criminal convictions results in a criminal history score of zero, giving defendant a criminal history category of I. *See* PSR ¶ 50.

Defendant's advisory Guideline range is 87 to 108 months in Zone D of the Sentencing Table. *See* PSR ¶ 65. Defendant has a statutory minimum term of imprisonment of ten years, with a maximum term of life imprisonment. *See* 18 U.S.C. § 2422(b); PSR ¶ 64.

## **RESTITUTION AND VICTIMS**

Restitution is applicable for this offense and all victims have been notified of the sentencing hearing. *See* 18 U.S.C. 2259 § 3663A*;* PSR ¶¶ 29-33. The amount of requested restitution is $12,500. PSR ¶ 29. This sum was specifically requested by the two victim's legal representatives for the victim series where a file was identified in defendant's possession and an amount requested. *See* PSR ¶¶ 29-33; *see also Paroline v. United States*, 572 U.S. 434 (2014).

## **18 U.S.C. § 3553(a) FACTORS**

The United States believes a guideline sentence is an appropriate sentence for defendant's offense and acknowledges that the guideline sentence falls below the statutory minimum sentence. The advisory Guideline sentencing range suggests a sentence of 87 to 108 months of incarceration. *See* PSR ¶ 65.

Defendant's sentence should reflect the abominable nature of attempted enticement of a minor, as well as the possession of a cache of child pornography. The seriousness of the offense is such that Congress attached mandatory minimum sentences with the possibility of life imprisonment. Each time defendant solicited a minor child, he was guilty of attempted enticement or attempted solicitation. And the images of child pornography that defendant obtained and possessed further victimize each child who was exploited in the production of the child pornography. The nature

of the internet is such that these victim's images will be viewed and trafficked rather than destroyed, as was once possible in the pre-internet era of child pornography offenses.

This Court's sentence should also send a message to others engaged in such exploitative and heinous conduct. Defendant's sentence should also be like others having committed similar crimes — wrongfully attempting to exploit and solicit minors and obtaining and possessing images of child pornography should result in gravely serious consequences.  A significant sentence will perhaps dissuade others from such criminal conduct.

Defendant is facing an extensive period of incarceration that is statutorily mandated. Defendant also has the skillset and resources to put this conduct behind him when he discharges from his extensive period of incarceration, as he will finish his period of incarceration with many decades of life left to live.  This (admittedly lengthy) period of incarceration will perhaps assist defendant in ascertaining how it is that he committed such abhorrent acts and give him the tools to never offend again.

Counseling and lifetime registration for defendant as a convicted sex offender will both assist defendant and ensure society that defendant has the tools necessary to cope with whatever it was that led him to this criminal conduct.  And defendant can pay back the money requested by the two victims of

4

his child pornography offense who specifically requested restitution.

In addition, apart from this felony conduct, he has no meaningful criminal history whatsoever. A statutory sentence of incarceration both sends a suitable message for his conduct and comports with the specific § 3553(a) factors in defendant's precise circumstances.

## **TIME AND WITNESS**

There are no remaining objections. The Unites States is not aware of a victim that wishes to personally address the Court, though all have been noticed of the sentencing date. Approximately forty-five minutes should be sufficient to conduct the sentencing hearing.

                                          Respectfully submitted,

                                          WILLIAM S. THOMPSON
                                          United States Attorney

                        By:
                                  s/Erik S. Goes
                                  ERIK S. GOES
                                  Assistant United States Attorney
                                  WV State Bar No. 6893
                                  300 Virginia Street, East
                                  Room 4000
                                  Charleston, West Virginia 25301
                                  Telephone: 304-345-2200
                                  Fax: 304-347-5104
                                  E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 14th day of September 2023, to:

>Rachel Zimarowski
>Assistant Federal Public Defender
>Federal Public Defender's Office
>300 Virginia Street, East, Room 3400
>Charleston, West Virginia 25301
>E-mail: Rachel_Zimarowski@fd.org

>s/Erik S. Goes
>ERIK S. GOES
>Assistant United States Attorney
>WV State Bar No. 6893
>300 Virginia Street, East
>Room 4000
>Charleston, West Virginia 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: erik.goes@usdoj.gov